In re ELECTRICAL UNLIMITED, INCORPORATED, Debtor.

Bankruptcy No. 81–1–0049.

United States Bankruptcy Court, D. Maryland, at Rockville.

Oct. 8, 1982.

Brian Goldman, Baltimore, Md., for debtor.

## MEMORANDUM OF OPINION

PAUL MANNES, Bankruptcy Judge.

On January 15, 1981, debtor, Electrical Unlimited, Incorporated, filed a petition for relief under Chapter 11. The first meeting of creditors was held on May 26, 1981. Thereafter, the debtor-in-possession took no further action with respect to the administration of this case. No reports were filed with this court as required by Bankruptcy Rule 11–30.

On July 22, 1982, this court issued an order directing the debtor to show cause why this case should not be dismissed on account of the failure of the debtor to comply with Bankruptcy Rule 11–30. That order further directed the debtor to file financial statements before the 6th of September, 1982, or appear and show cause why the case should not be dismissed. It may be noted that Rule 11–30 requires the debtor-in-possession to file a written report of the financial condition of the estate within a month after the filing of the petition and every month thereafter, including "a statement of the operation of the business for the preceding month and, if payments are made to employees, the amount of deductions for withholding and social security taxes and the place where such amounts are deposited." The debtor-in-possession did nothing with respect to the order of the court or bankruptcy rules until September 3, 1982, when its attorney requested an extension of time, by letter, in order to complete schedules to a disclosure statement. This was not what the court had requested. Finally, on or about the 10th of September, 1982, there was delivered to the court what was entitled "Accountant's Compilation Report for the Period Ended March 31, 1982." By the cover sheet submitted by John T. Attiliis, the accountant disclaimed any audit or review of the financial statement and expressed no opinion. The accountant noted that management had omitted substantially all of the disclosures and statement of changes in the financial position required by generally accepted accounting principles. If the omissions were included in the financial reports, the accountant noted that they might influence the user's conclusions. Furthermore, none of the statements were served upon the Creditors' Committee.

The unsecured creditors in a Chapter 11 are held at bay by the automatic stay of 11 U.S.C. § 362. In order for them to be informed, they must receive information from the debtor-in-possession. What Electrical Unlimited, Incorporated, has chosen

to do in this case is to attempt to foist an accountant's compilation statement for the period ending March 31, 1982, upon the court and the Creditors' Committee and assert that this is compliance with the mandates of Rule 11–30. Not even the compiler of the statement would urge that the debtor's actions comply with either the letter or the spirit of Rule 11–30. "This rule is designed to ensure the dissemination of data concerning the debtor's financial condition and the status of the operation of the business during the life of the Chapter XI case." 14 *Collier on Bankruptcy,* Chapter 11–30. What Collier states about Chapter XI is equally applicable to the instant case. At the present time, the rules are the same.

An order will be entered in accordance with this opinion on or after the 12th day of October, 1982.